

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| MARC P. GERTZ, <br> CHAPTER 7 TRUSTEE <br><br> Plaintiff, <br><br> vs. <br><br> UNIVERSAL ENTER., et al., <br><br> Defendants. | Case No. 1:05 MC 89 <br><br> Judge Dan Aaron Polster <br><br> **MEMORANDUM OF OPINION <br> AND ORDER** |

Before the Court in this miscellaneous matter is the Motion of Defendants Universal Enterprises, RGR Technologies, Inc. and Ralph G. Ridenour for an Order Withdrawing the Bankruptcy Reference Pursuant to 28 U.S.C. 157 and for an Order Transferring Case to State Court (**ECF No. 1**). The Court will treat this motion as two separate motions: (1) a motion for an order withdrawing the bankruptcy reference, and (2) a motion for an order transferring the case to state court.

Defendants ask this district court to issue an order immediately withdrawing reference of the adversary proceeding brought against them by Marc P. Gertz, Chapter 7 Trustee of Debtor Arter & Hadden, LLP in the United States Bankruptcy Court, Northern District of Ohio under Case No. 03-23293. *Id.* As a basis for this Motion, Defendants contend that they are entitled to a jury trial on the Trustee's claims against them, they do not consent to the Bankruptcy Court presiding over the jury trial, and they seek an order from the undersigned transferring this

case to the appropriate Ohio Common Pleas Court. *Id.* The Trustee has filed a response brief conceding that Defendants are entitled to a jury trial; however, the Trustee argues that the district court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), Defendants have waived any claim that this matter is not a core proceeding, and Defendants have waived any objection to the exercise of jurisdiction by the federal court, citing Bankr. R. 7012(b). *ECF No. 2.*

The Court held telephone conferences with counsel on November 22 and November 28, 2005. As a result of those conferences, the Court rules as follows.

Under 28 U.S.C. § 157(e),

> [i]f the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

*Id.* Because Defendants have not expressly consented to the bankruptcy judge holding a jury trial in this adversary proceeding, they are entitled to have a jury trial in district court. *Id.* Accordingly, the Defendants' motion for an order withdrawing the bankruptcy reference is hereby **GRANTED**.

Additionally, Defendants have agreed to withdraw their motion for an order transferring the case to state court. Accordingly, Defendants motion for an order transferring the case to state court is hereby **WITHDRAWN**. The Clerk of Courts is directed to assign this adversary proceeding by random lot to a district judge.

**IT IS SO ORDERED.**

---
**Dan Aaron Polster**
**United States District Judge**

-2-